UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHNNIE N. WALKER, JR.

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 02-121 (DSD/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED, without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner of the State of Minnesota who is currently incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. He is serving a 426-month sentence imposed by the Hennepin County District Court following his 1991 conviction for second degree murder.

Petitioner has challenged his conviction and sentence on direct appeal, and in a state post-conviction proceeding. State v. Walker, No. C5-92-176, (Minn.App. 1992), 1992

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JAN 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WL 238358 (unpublished opinion); Walker v. State, No. C3-94-2321 (Minn.App. 1995), 1995 WL 265049 (unpublished opinion). He also has challenged his conviction and sentence in a previous habeas corpus action in this District -- Walker v. Skon, Civil No. 4:96cv272, [hereafter "Walker I"]. In that case, the undersigned Magistrate Judge reviewed Petitioner's federal habeas corpus claims on the merits, and recommended that his petition be dismissed with prejudice. (Walker I, Docket No. 11, Report and Recommendation dated May 13, 1997.) District Court Judge David S. Doty adopted that recommendation, and ordered that Petitioner's habeas corpus petition be dismissed with prejudice. (Walker I, Docket No. 12, Order dated June 5, 1997.) Because Petitioner is presently challenging the same conviction and sentence that he challenged in Walker I, the instant petition cannot properly be entertained in this District at this time.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive petitions.[2] Under these new rules, a district court

---

[2] 28 U.S.C. § 2244(b) now provides as follows:

> "**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing the prisoner to file another petition. 28 U.S.C. § 2244(b)(3)(A); see also Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

---

> or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Because the petition now before this court is Petitioner's second application for federal habeas corpus relief with respect to his 1991 Hennepin County murder conviction, it must be viewed as a "second or successive petition" for purposes of § 2244(b). As such, the instant petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown this Court that he has obtained such pre-authorization, his current petition must be dismissed for lack of jurisdiction. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[3]

It is recommended that the petition be dismissed without prejudice, so that Petitioner can re-file his application for habeas corpus relief, (in a new action), if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A). Petitioner should carefully note, however, that this District Court will not entertain any future habeas petition pertaining to his 1991 Hennepin County murder conviction, unless such

[3] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.[4]

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by several other requests for relief, namely (i) an application to proceed in forma pauperis, ("IFP"), in this matter, (Docket No. 4), (ii) a motion for appointment of counsel, (Docket No. 3), and (iii) an "Application For Post Conviction Relief Pursuant To Section 609.245," (Docket No. 2). Because Petitioner's underlying habeas corpus petition cannot be entertained at this time, it is recommended that all three of these applications for collateral relief be summarily denied.[5]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for writ of habeas corpus, (Docket No. 1), be **DENIED**;
2. Petitioner's "Application For Post Conviction Relief," (Docket No. 2), be **DENIED**;
3. Petitioner's motion for appointment of counsel, (Docket No. 3), be **DENIED**;
4. Petitioner's application to proceed in forma pauperis, (Docket No. 4), be **DENIED**;

---

[4] Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here. It should be noted, however, that the instant petition appears to be barred not only by the rules governing successive petitions, but also by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).

[5] It appears that Petitioner may have intended to file his application for post conviction relief in state court, rather than federal court. If that is so, Petitioner may want to re-file his post conviction motion in state court. The dismissal of this federal habeas corpus proceeding should have no bearing on any state court remedy that might still be available to Petitioner.

5. This action be **DISMISSED WITHOUT PREJUDICE.**

Dated: January 17th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.